# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6575 | **DATE** | 8/24/2001 |
| **CASE TITLE** | Buca, Inc. vs. U.S. Restaurant Properties | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Buca's counsel is ordered to file an appropriate amendment to the Complaint in this Court's chambers on or before September 4, 2001. In the absence of a timely filing, or if the filing reflects that any limited partner is a Minnesota Citizen, this Court will be constrained to dismiss both the Complaint and this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 27 2001 | |
| | Notified counsel by telephone. | | date docketed | 2 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 8/24/2001 | |
| SN | courtroom deputy's initials | FILED FOR DOCKETING 01 AUG 24 PM 4:48 | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUCA (WHEELING), INC.,         )
                               )
            Plaintiff,         )
                               )
    v.                         )   No.  01 C 6575
                               )
U.S. RESTAURANT PROPERTIES     )
OPERATING L.P.,                )
                               )
            Defendant.         )

DOCKETED
AUG 27 2001

MEMORANDUM ORDER

Buca (Wheeling), Inc. ("Buca") has filed its Complaint against U.S. Restaurant Properties Operating L.P. ("U.S. Restaurant"), seeking to invoke federal jurisdiction on diversity of citizenship grounds. Because the Complaint is flawed in that respect, however, this opinion is issued sua sponte to send Buca's counsel back to the drawing board to cure the flaw (if curable).

There is no question as to the adequacy of the amount in controversy for purposes of 28 U.S.C. §1332,[1] for Buca is suing for something in excess of $147,000. And as to Buca itself, Complaint ¶1 properly identifies its dual corporate citizenship in accordance with Section 1332(c)(1)--both its place of incorporation and its principal place of business are in Minnesota.

But as its name indicates, U.S. Restaurant is a limited

---

[1] All further references to Title 28's provisions will simply take the form "Section--."



partnership, so that its place of formation and the location of its principal place of business (both identified in Complaint ¶2) are irrelevant for diversity purposes. Instead <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 196 (1990) teaches that the relevant citizenship is that of <u>each</u> of its partners, both general and limited. Here Complaint ¶3 advances the requisite Section 1332(c)(1) information as to U.S. Restaurant's corporate general partner, but the Complaint is totally silent as to the limited partner or partners.

Accordingly Buca's counsel is ordered to file an appropriate amendment to the Complaint in this Court's chambers (with a copy to be sent to U.S. Restaurant's counsel, if known--or if not, with a copy to be transmitted to U.S. Restaurant in the same way that process has been or is being served) on or before September 4, 2001. In the absence of a timely filing, or if the filing reflects that any limited partner is a Minnesota citizen, this Court will be constrained to dismiss both the Complaint and this action for lack of subject matter jurisdiction.

Milton I. Shadur
Senior United States District Judge

Date: August 24, 2001